NO. 07-11-00507-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 8, 2012

---

IN THE INTEREST OF J.M.S., P.D.S.,
P.J.S., AND C.R.S., CHILDREN

---

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 64,023-C; HONORABLE ANA ESTEVEZ, JUDGE

---

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following entry of an Order Holding Father in Contempt of Court and Commitment to County Jail and S*ua Sponte* Order to Modify, appellant, David Earl (Mel) Smith, timely filed a pro se notice of appeal. The clerk's record was filed with this Court on February 9, 2012. The reporter requested an extension of time to file the reporter's record on February 10 because (1) Smith had not requested preparation of the record, and (2) Smith had not paid or made arrangements to pay for the record.[1] The reporter's

---

[1] Upon review of the clerk's record, Smith filed an affidavit of inability to pay costs with the district clerk on January 17, 2012. The clerk's record does not contain a contest to the affidavit. Consequently, the allegations contained within the affidavit are to be deemed true, and the reporter was notified that appellant be allowed to proceed without advance payment of costs. See TEX. R. APP. P. 20.1(f). As a result, this explanation for the reporter's request for extension of time to file the record was not

request for extension was granted. By letter dated February 13, Smith was notified of this defect and given an opportunity to either have the record filed or to certify that the record had been requested by March 7. This letter warned Smith that failure to comply with this deadline may result in a deadline being set for appellant's brief in the absence of a reporter's record. See TEX. R. APP. P. 37.3(c). After Smith failed to respond to this Court's February 13 letter, the Court notified Smith that his brief was due to be filed no later than April 9.

Having received no brief by this April 9 deadline, on April 18, this Court sent Smith notice that his brief was past due. This notice specifically advised Smith that, unless appellant's brief was filed with this Court on or before April 30, this appeal would be subject to dismissal without further notice. See TEX. R. APP. P. 38.8(a)(1), 42.3(b). To this date, Smith has not filed appellant's brief nor responded to any of this Court's correspondence. As such, we now dismiss this appeal for want of prosecution and failure to comply with a notice from the Clerk of this Court requiring a response or other action in a specified time. See TEX. R. APP. P. 38.8(a)(1), 42.3(b), (c).

Mackey K. Hancock
Justice

---

accepted as presenting good cause for the delay. However, Smith's failure to request preparation of the record was accepted as good cause. See TEX. R. APP. P. 35.3(b)(2).

2